UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| METLIFE HOME LOANS, LLC, | Case No. 2:17-CV-215 JCM (PAL) |
| Plaintiff(s), | ORDER |
| v. | |
| RIVER GLIDER AVENUE TRUST, | |
| Defendant(s). | |

Presently before the court is plaintiff MetLife Home Loans, LLC's motion for summary judgment. (ECF No. 20). Defendant River Glider Avenue Trust filed a response (ECF No. 26), to which plaintiff replied (ECF No. 27).

Also before the court is defendant's motion for summary judgment. (ECF No. 21). Plaintiff filed a response (ECF No. 23), to which defendant replied (ECF No. 28).

**I.    Facts**

This case involves a dispute over real property located at 10225 Headrick Drive, Las Vegas, Nevada, 89166 (the "property"). (ECF No. 1).

On November 10, 2008, Scott Olson and Jessica Olson purchased the property. (ECF No. 1). The Olsons obtained a loan in the amount of $216,689 from plaintiff to finance the purchase. *Id.*; (ECF No. 20-1). The loan was secured by a deed of trust recorded on November 14, 2008. (ECF No. 20-1). The deed of trust lists plaintiff as the lender and Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary "as nominee for Lender and Lender's successors and assigns."[1]  *Id.*

---

[1] On October 27, 2011, MERS assigned the deed of trust to plaintiff. (ECF No. 1). The assignment was recorded on November 10, 2011. *Id.* On July 31, 2013, plaintiff assigned the

**James C. Mahan**
**U.S. District Judge**

On January 4, 2010, Alessi & Koenig, LLC ("Alessi"), acting on behalf of Madison Colony at Providence HOA ("the HOA"), recorded a notice of delinquent assessment lien, stating an amount due of $601.34.[2] (ECF No. 21-5 at 2). On September 9, 2010, Alessi, acting on behalf of the HOA, recorded a notice of default and election to sell to satisfy the delinquent assessment lien, stating an amount due of $1,129.79. *Id.* at 3.

On June 14, 2011, Alessi recorded a notice of foreclosure sale, stating an amount due of $2,856.93 and an anticipated sale date of August 17, 2011. *Id.* at 4. On January 25, 2012, the HOA foreclosed on the property. (ECF No. 21-3). Headrick Drive Trust ("HDT") purchased the property at the foreclosure sale for $5,066. *Id.* A foreclosure deed in favor of HDT was recorded on January 21, 2012. *Id.*

On July 2, 2012, HDT conveyed the property to defendant via grant, bargain, sale deed. (ECF No. 21-2).

On January 25, 2017, plaintiff filed the underlying complaint, alleging one cause of action: quiet title/declaratory relief against defendant. (ECF No. 1).

On March 29, 2017, defendant filed counterclaims against plaintiff and the Olsons for quiet title. (ECF No. 45).

## II. Legal Standard

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be

---

deed of trust to JPMorgan Chase Bank, N.A. ("JPMorgan"). (ECF No. 1). The assignment was recorded on August 15, 2013. *Id.* On January 24, 2017, JPMorgan assigned the deed of trust to plaintiff. (ECF No. 1).

[2] "Of this total amount $551.34 represent Collection and/or Attorney fees and $50.00 represent collection costs, late fees, service charges and interest." (ECF No. 21-5 at 2).

entitled to a denial of summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the

pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

**III. Discussion**

As an initial matter, the court takes judicial notice of the following recorded documents: the first deed of trust (ECF No. 20-1); the notice of delinquent assessment (ECF No. 21-5 at 2); the notice of default and election to sell (ECF No. 21-5 at 3); the notice of trustee's sale (ECF No. 21-5 at 4); and the trustee's deed upon sale (ECF No. 21-2). *See, e.g.*, *United States v. Corinthian Colls.*, 655 F.3d 984, 998–99 (9th Cir. 2011) (holding that a court may take judicial notice of public records if the facts noticed are not subject to reasonable dispute); *Intri-Plex Tech., Inv. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007).

Under Nevada law, "[a]n action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010. "A plea to quiet title does not require any particular elements, but each party must plead and prove his or her own claim to the property in question and a plaintiff's right to relief therefore depends on superiority of title." *Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev. 2013) (citations and internal quotation marks omitted). Therefore, for a party to succeed on its quiet title action, it needs to show that its claim to the property is superior to all others. *See also Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996) ("In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself.").

The parties raise numerous arguments in their briefings regarding summary judgment. The court need only address plaintiff's due process argument, as the facts presented here demonstrate that the foreclosure sale violated plaintiff's due process rights.

Plaintiff argues that NRS Chapter 116 is unconstitutional under *Bourne Valley Court Trust v. Wells Fargo Bank, N.A.*, 832 F.3d 1154 (9th Cir. 2016), wherein the Ninth Circuit held that the HOA foreclosure statute is facially unconstitutional. (ECF No. 20). Plaintiff further contends that it never received notice of the foreclosure sale, and therefore the sale could not have transferred title free and clear to HDT. *Id.*

In *Bourne* Valley, the Ninth Circuit held that NRS 116.3116's "opt-in" notice scheme, which required a HOA to alert a mortgage lender that it intended to foreclose only if the lender had affirmatively requested notice, facially violated mortgage lenders' constitutional due process rights. 832 F.3d at 1157–58. The facially unconstitutional provision, as identified in *Bourne Valley*, exists in NRS 116.31163(2). *See id.* at 1158. At issue is the "opt-in" provision that unconstitutionally shifts the notice burden to holders of the property interest at risk. *See id.*

"A first deed of trust holder only has a constitutional grievance if he in fact did not receive reasonable notice of the sale at which his property rights was extinguished." *Wells Fargo Bank, N.A. v. Sky Vista Homeowners Ass'n*, No. 315CV00390RCJVPC, 2017 WL 1364583, at *4 (D. Nev. Apr. 13, 2017). To state a procedural due process claim, a claimant must allege "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998).

Here, plaintiff alleges that it never received proper notice of the foreclosure proceedings. (ECF No. 20). Plaintiff attached to its motion an affidavit from Matthew Pryll, director of mortgage underwriting for plaintiff. (ECF No. 20-8). Pryll "performed a diligent search of the Borrowers' loan file, including . . . all correspondence received by [plaintiff] that related to or referenced the Borrowers' mortgage loan, the Deed of Trust, or the Property." *Id*. Pryll attested that plaintiff did not receive notice of the pending foreclosure from the HOA or Alessi. *Id.*

Defendant's response to plaintiff's notice-based argument is that the recitals in the foreclosure deed conclusively establish compliance with certain statutory duties, namely the HOA trustee's mailing of the required notices. (ECF Nos. 21, 26). As plaintiff notes, this argument does not comport with the Supreme Court of Nevada's decision in *Shadow Wood Homeowners Association v. New York Community Bancorp, Inc.*, 366 P.3d 1105, 1110 (Nev. 2016).[3] Further, while simply mailing the required notices may have satisfied the statutory requirements, it did not satisfy the constitutional requirement of adequate notice as articulated in *Bourne Valley*. The parties do not point to any other evidence in the record that plaintiff received notice of the foreclosure proceedings.

The foregoing demonstrates that the HOA trustee did not provide plaintiff with adequate notice of the foreclosure proceedings. Without notice of the foreclosure proceedings, the foreclosure sale violated plaintiff's right to due process. *See Bourne Valley*, 832 F.3d at 1157–58. The court will grant plaintiff's motion for summary judgment on its claim for quiet title.

**IV. Conclusion**

The court holds that the foreclosure sale did not extinguish plaintiff's first deed of trust, which continues to encumber the property and is superior to defendant's interest.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion for summary judgment (ECF No. 20) be, and the same hereby is, GRANTED, consistent with the foregoing.

IT IS FURTHER ORDERED that defendant's motion for summary judgment (ECF No. 21) be, and the same hereby is, DENIED.

. . .

. . .

. . .

. . .

---

[3] Notably, defendant provides no evidence that the HOA or the HOA trustee mailed notices to affected parties.

James C. Mahan
U.S. District Judge

- 6 -

IT IS FURTHER ORDERED that plaintiff shall prepare and submit to the court a proposed judgment consistent with the foregoing within thirty (30) days of the date of this order.

DATED June 7, 2018.

_____
UNITED STATES DISTRICT JUDGE