UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| METLIFE HOME LOANS LLC, | Case No. 2:17-CV-215 JCM (PAL) |
| Plaintiff(s), | ORDER |
| v. | |
| RIVER GLIDER AVENUE TRUST, | |
| Defendant(s). | |

Presently before the court defendant/counter-claimant River Glider Avenue Trust's ("River Glider") motion for summary judgment. (ECF No. 59). Plaintiff/counter-defendant MetLife Home Loans LLC ("Metlife") responded, (ECF No. 67), to which defendant replied, (ECF No. 71).

Also before the court is plaintiff Metlife's renewed motion for summary judgment. (ECF No. 61). Defendant River Glider responded, (ECF No. 65), to which plaintiff Metlife replied, (ECF No. 70).

Also before the court is plaintiff Metlife's unopposed motion for leave to file response out of time. (ECF No. 66).

**I.    BACKGROUND**

This case involves a dispute over real property located at 10225 Headrick Drive, Las Vegas, Nevada, 89166 (the "property"). (ECF No. 1).

On November 10, 2008, Scott Olson and Jessica Olson (the "borrowers" or "homeowners") purchased the property. (*Id.*). The borrowers obtained a loan in the amount of $216,689.00 from Metlife to finance the purchase. (ECF Nos. 59, 61). The loan was secured by a deed of trust encumbering the property. (*Id.*). The deed of trust lists plaintiff as the lender and

**James C. Mahan**
**U.S. District Judge**

Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary as nominee solely for the lender.[1]  (*Id.*).

On January 4, 2010, Alessi & Koenig, LLC ("Alessi"), acting on behalf of Madison Colony at Providence HOA ("the HOA"), recorded a notice of delinquent assessment lien, stating an amount due of $601.34 "[o]f [which] $551.34 represent[s] Collection and/or Attorney fees and $50.00 represent[s] collection costs, late fees, service charges, and interest."  (*Id.*). Borrowers were delinquent for four $32.00 monthly assessments when Alessi mailed the notice of delinquent assessment.  (*Id.*).  On September 9, 2010, Alessi, acting on behalf of the HOA, recorded a notice of default and election to sell to satisfy the delinquent assessment lien.  (*Id.*). The notice stated that it was recorded pursuant to the notice of delinquent assessment and "the terms contained in" the HOA's declaration of covenants, conditions, and restrictions.  (*Id.*).

Starting November 5, 2010, the borrowers began sending Alessi payments towards their HOA delinquency.  (*Id.*).  By August 5, 2011, the borrowers had sent, and Alessi accepted, a total of $500.00 in payment.  Per Alessi's retainer agreement with the HOA, "[a]ll payments received by [Alessi] for the payment of delinquent assessments … be deposited by [Alessi] into a trust account … [and] paid to [the HOA] within five (5) business days of clearance of funds." (*Id.*).  Of the $500.00 Alessi received from the borrowers, $166.10 was sent to the HOA.  (*Id.*). Throughout this time, Alessi had actual knowledge of the deed of trust.  (*Id.*).

On June 14, 2011, Alessi recorded a notice of foreclosure sale, stating an amount due of $2,856.93 and an anticipated sale date of August 17, 2011.  (*Id.*).  On January 25, 2012, the HOA foreclosed on the property.  (*Id.*).  Headrick Drive Trust ("HDT") purchased the property at the foreclosure sale for $5,066.  (*Id.*).  The proceeds from the foreclosure sale satisfied both the HOA's lien and Alessi's collection costs in full.  A foreclosure deed in favor of HDT was recorded on January 21, 2012.  (*Id.*).  On July 2, 2012, HDT conveyed the property to defendant via grant, bargain, sale deed.  (*Id.*).

---

[1] On October 27, 2011, MERS assigned the deed of trust to plaintiff.  (ECF No. 1).  The assignment was recorded on November 10, 2011.  (*Id.*).  Plaintiff then assigned the deed of trust to JPMorgan Chase Bank, N.A. ("JPMorgan").  (*Id.*).  The assignment was recorded on August 15, 2013.  (*Id.*).  On January 24, 2017, JPMorgan assigned the deed of trust to plaintiff.  (*Id.*).

James C. Mahan
U.S. District Judge

- 2 -

Plaintiff initiated this action on January 25, 2017, alleging one cause of action: quiet title/declaratory relief against defendant. (ECF No. 1). On June 7, 2018, this court ruled on the parties' first cross-motions for summary judgment in favor of MetLife. (ECF No. 32).

Defendant River Glider appealed, (ECF No. 36), and the Ninth Circuit reversed and remanded this court's decision on April 2, 2020, (ECF No. 44). Specifically, the panel decision found that, in light of an intervening change in law, *SFR Invs. Pool 1, LLC v. Bank of N.Y. Mellon*, 422 P.3d 1248, 1252–53 (Nev. 2018), "[t]here are genuine issues of fact material to whether the HOA, in foreclosing on the property, mailed the required notices to all interested parties." (ECF No. 44).

Following additional time for discovery, (ECF No. 53), the parties now cross-move for summary judgment, (ECF Nos. 59, 61).

## II.  LEGAL STANDARD

Summary judgment is proper when the record shows that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The purpose of summary judgment is "to isolate and dispose of factually unsupported claims or defenses," *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986), and to avoid unnecessary trials on undisputed facts. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

When the moving party bears the burden of proof on a claim or defense, it must produce evidence "which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (internal citations omitted). In contrast, when the nonmoving party bears the burden of proof on a claim or defense, the moving party must "either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of [proof] at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

If the moving party satisfies its initial burden, the burden then shifts to the party opposing summary judgment to establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co.*

*v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable factfinder could find for the nonmoving party and a fact is "material" if it could affect the outcome of the case under the governing law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).

The opposing party does not have to conclusively establish an issue of material fact in its favor.  *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).  But it must go beyond the pleadings and designate "specific facts" in the evidentiary record that show "there is a genuine issue for trial."  *Celotex*, 477 U.S. at 324.  In other words, the opposing party must show that a judge or jury is required to resolve the parties' differing versions of the truth.  *T.W. Elec. Serv.*, 809 F.2d at 630.

The court must view all facts and draw all inferences in the light most favorable to the nonmoving party.  *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990); *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).  The court's role is not to weigh the evidence but to determine whether a genuine dispute exists for trial.  *Anderson*, 477 U.S. at 249.  Cross-motions for summary judgment must each be considered on their own merits.  *Fair Hous. Council of Riverside County, Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001).

### III.     DISCUSSION

As an initial matter, this court grants plaintiff's unopposed motion for leave to file "out of time due to technical difficulties filing the response on September 18, 2020."  (ECF No. 66).  Defendant filed no opposition, *see* LR 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion."), and good cause exists to grant plaintiff's motion.  (ECF No. 66).

This court also takes judicial notice of all documents requested by both parties pursuant to Federal Rule of Evidence 201.  (ECF Nos. 59, 61).  Indeed, these documents are "matters of public record."  Fed. R. Evid. 201.  However, this court does not take notice of the "disputed facts contained" therein.  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).

**James C. Mahan**
**U.S. District Judge**

- 4 -

Because the borrowers' pre-foreclosure payments satisfied the superpriority default, this court finds that plaintiff Metlife's deed of trust survived the HOA's foreclosure sale. *See 9352 Cranesbill Trust v. Wells Fargo Bank, N.A.*, 459 P.3d 227, 228 (Nev. 2020) (If a homeowner "cure[s] a superpriority default," the association's foreclosure of the remaining subpriority portion of its lien does not extinguish the senior deed of trust.). Plaintiff's motion for summary judgment is granted. (ECF No. 61).

Here, the superpriority amount was $128.00, because the borrowers were delinquent for four $32.00 monthly payments at the time notice of delinquent assessment was mailed to the borrowers. (ECF No. 61). The superpriority amount of an HOA's lien is limited to the amount of monthly assessments due "during the 9 months immediately preceding institution of an action to enforce the lien" and any maintenance and nuisance-abatement charges. *See* NRS 116.3116(2)(c); *see also Horizons at Seven Hills Homeowners Ass'n v. Ikon Holdings*, LLC, 373 P.3d 66, 73 (Nev. 2016). To institute an action to enforce its lien, an HOA must "mail[] a notice of delinquent assessment as provided in NRS 116.31162(1)(a)." *See Saticoy Bay LLC Series 2021 Gray Eagle Way v. JPMorgan Chase Bank, N.A.*, 388 P.3d 226, 231 (Nev. 2017).

The superpriority amount here is limited to $128.00: The records clearly reflect four $32.00 delinquent assessments and no maintenance or nuisance-abatement charges. (ECF Nos. 59, 61). "Late fees and interest" are not entitled to superpriority. *See Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113, 117 (Nev. 2018).

Having determined the superpriority amount, this court examines whether the borrowers' payments cured the superpriority default. It undisputed that the borrowers/homeowners paid a total of $500.00 to Alessi, the HOA's agent. (ECF No. 59). Of the $500.00 Alessi received from the borrowers, $166.10 was sent to the HOA. (*Id.*). Due to the lack of express direction from the borrowers or an express allocation by the HOA, this court evaluates the presumed intent of the borrowers and HOA and the competing equities involved. *See Cranesbill*, 459 P.3d at 229.

Upon examining the equities, this court determines that—at a minimum—the $166.10 homeowner's payment sent to the HOA should be applied to the superpriority default amount. *See Deutsche Bank Nat. Tr. Co. v. SFR Invs. Pool 1, LLC*, No. 2:14-cv-01131-APG-VCF, 2020

James C. Mahan
U.S. District Judge

- 5 -

WL 3470304, at *5 (D. Nev. June 24, 2020).  This court concurs with the other courts of this district and allocates the borrowers' payments to the superpriority amount.  *See U.S. Bank, N.A. v. Sommerset Homeowners Ass'n*, No. 2:16-cv-00571-APG-EJY, 2020 WL 4018925, at *3 (D. Nev. July 16, 2020).  Indeed, a homeowner has "a significant incentive" to satisfy the superpriority default before the subpriority default.  *See Cranesbill*, 459 P.3d at 230.

The $166.10 sent to the HOA by Alessi was sufficient to cure the superpriority amount; thus, the court need not determine that the entire $500.00 should be applied to curing the default amount.  Plaintiff Metlife's deed of trust survived the HOA's foreclosure sale.  Plaintiff's motion for summary judgment is granted, (ECF No. 61), and defendant's motion for summary judgment is denied as moot, (ECF No. 59).

### IV.     CONCLUSION

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Metlife's renewed motion for summary judgment (ECF No. 61) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED THAT River Glider's motion for summary judgment (ECF No. 59) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED THAT Metlife's unopposed motion for leave to file response out of time (ECF No. 66) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that Metlife shall submit a proposed judgment consistent with the foregoing within ten (10) days of this order.

DATED February 12, 2021.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**